IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | MISC. ACTION 13-0009-WS-M |
| OM PROPERTIES, LLC, *et al.*, ) ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Set Expedited Hearing on Motion for Appointment of Receiver (doc. 3).

On June 28, 2013, plaintiff, PNC Bank, National Association, filed a "Motion for Appointment of Post-Judgment Receiver" (doc. 2) in this miscellaneous action. The Motion reflects that on April 23, 2013, the U.S. District Court for the Northern District of Florida entered a judgment in PNC's favor and against defendant P.K. Garg Family, LLC, in the amount of $1,862,747.12; against defendant OM Properties, LLC, in the amount of $582,647.96; and against defendant Dr. Purushottam Kumar Garg in the amount of $2,445,395.08. This judgment relates to certain loans that PNC's predecessor made to OM Properties and P.K. Garg Family, as to which those defendants entered into promissory notes and Dr. Garg executed guaranties. One such loan was secured by a first priority lien in 66 acres of real property located in Robertsdale, Alabama. Another loan was secured by a first priority lien in real property located in Loxley, Alabama. The third loan was secured by a first priority lien in a specific condominium unit at the Holiday Isle complex located in Dauphin Island, Alabama.

According to the Motion for Appointment of Receiver, PNC unsuccessfully worked with defendants following entry of judgment to endeavor to resolve the indebtedness. In the course of those discussions and negotiations, PNC alleges, defendants made certain misrepresentations about the occupancy and income-producing status of the properties, and also made inconsistent or inaccurate statements concerning their efforts to sell certain of those properties. For these and

other reasons, PNC articulates what it calls "substantial concerns about Defendants' financial stability and their ability to manage, lease and [sell] the properties." (Doc. 2, ¶ 19.) On that basis, PNC calls upon this Court to exercise its equitable power to appoint a receiver for the properties in Robertsdale, Loxley and Dauphin Island. *See, e.g., Gilchrist v. General Elec. Capital Corp.*, 262 F.3d 295, 302 (4th Cir. 2001) ("We begin our analysis by recognizing that the district court has within its equity power the authority to appoint receivers and to administer receiverships."); *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997) ("[T]he District Court had the power to appoint a receiver to take possession of the judgment debtor's property for preservation under Federal Rule of Civil Procedure 66."); Rule 66, Fed.R.Civ.P. Case law makes clear that "[r]eceivership is an extraordinary remedy that should be employed with the utmost caution and is justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012) (citations and internal quotation marks omitted).[1]

Contemporaneously with the Motion for Appointment of Receiver, plaintiff filed a "Motion to Set Expedited Hearing" on its request for appointment of receiver. According to PNC, expedited treatment of that request is necessary because the Robertsdale property is subject to a purchase offer that will expire on August 15, 2013.[2] On that basis, PNC requests an evidentiary hearing on its request for appointment of receiver during the week of July 8, 2013.

---

[1] There is authority for the proposition that, even though the underlying judgment was entered by the U.S. District Court for the Northern District of Florida, receivership proceedings are properly litigated in this district because the subject property is found here. *See* 12 Charles Alan Wright *et al.*, *Federal Practice & Procedure Civ.* § 2985 ("Because the appointment of a receiver is in the nature of a proceeding *in rem*, there must be a strong nexus between the court and the receivership. … [A]ppointment is within the proper jurisdiction of a court that is sitting in the district where a substantial portion of the business is conducted or the property kept … that is to be subjected to the receivership.") (footnotes omitted).

[2] No information is provided by PNC as to whether this purchase offer is attractive or even favorable to the putative sellers, whether there is any reason to believe that other prospective buyers may or may not be interested in purchasing the Robertsdale property for comparable price, or whether the offering purchaser would be willing under any circumstances to make a similar purchase offer after the artificial deadline of August 15. Thus, the Court has no information suggesting that this August 15 deadline is "firm" or that any substantial risk of harm will accrue to PNC or anyone else if a receiver is not appointed prior to that date. Just because (Continued)

The Court declines to set the Motion for Appointment of Receiver for an evidentiary hearing at this time.  Simply put, the undersigned is aware of no reason why a hearing will be warranted on the underlying motion.  Applicable authorities do not require a hearing, particularly where, as here, the factual basis for the plaintiff's request for appointment of a receiver is well-developed in the record.  *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 934 F.2d 1180, 1189 (11th Cir. 1991) ("there is no general requirement of a hearing in Rule 66, and the court may approve of the appointment of a receiver without a hearing where the record discloses sufficient facts to warrant it").  Moreover, PNC represents to this Court that it believes the Motion for Appointment of Receiver will not be contested, inasmuch as "Defendants have indicated to Plaintiff that they would consent to the appointment of a receiver."  (Doc. 3, ¶ 6.)  For these reasons, the Motion to Set Expedited Hearing (doc. 3) is **denied**.

That said, the Court is cognizant of plaintiff's desire to resolve the appointment issue prior to the August 15 deadline, and firmly believes that such a time frame is feasible.  To that end, defendants are **ordered** to file a statement on or before **July 10, 2013**, indicating whether they consent to the appointment of a receiver under the specific terms proposed by PNC.  Please note that defendants' statement should not simply address the general concept of appointment of a receiver; rather, it must specify whether defendants consent to the form of relief proposed by plaintiff, and particularly the 37-paragraph, 11-page single-spaced order that PNC has appended to its Motion.  If defendants disagree with any of those proposed terms, they are **ordered** to negotiate with PNC in good faith to ascertain whether those differences may be worked out, and to indicate in their July 10 statement what the status of those negotiations (and any outstanding areas of disagreement) might be.  Depending on the contents of defendants' July 10 submission, the Court will enter an appropriate follow-up order.

DONE and ORDERED this 3rd day of July, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

there is an outstanding offer to purchase one of the subject parcels of real property does not necessarily imply that it is a good offer, much less that the judgment creditor stands to suffer substantial harm if such offer is permitted to lapse.