# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) MISC. ACTION 13-0009-WS-M ) |
| OM PROPERTIES, LLC, *et al.*, | ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the receiver's "Motion (1) for Approval of Private Sale of Assets Held by Receiver and (2) for Order Related to Personal Property that is Not Receivership Property" (doc. 21) and the receiver's sealed "Motion to File Purchase Agreement under Seal" (doc. 22).

On July 22, 2013, the undersigned entered an Order (doc. 5) granting plaintiff PNC Bank's Motion for Appointment of Post-Judgment Receiver. The factual grounds for appointment of a receiver included the $2.4 million judgment PNC had obtained against defendants in a Florida state court for breach of promissory notes and guaranties, as well as PNC's representation that an offer of sale for certain collateral real property owned by defendants was set to expire on August 15, 2013. On the basis of these representations – and after providing defendants with notice and a reasonable opportunity to be heard, of which they did not avail themselves – the Court entered an order appointing Metcalfe & Company, Inc. as receiver under specified terms and conditions. Among the powers granted to Metcalfe pursuant to the July 22 Order was authority, "subject to approval by the Court, [to] conduct a receiver's sale of all or a portion of the Receivership Property, free and clear of liens, claims and other encumbrances, under such terms and conditions as PNC may, in its sole discretion, deem appropriate or desirable." (Doc. 5, at 6.)

Metcalfe has now filed a series of Motions seeking to exercise this authority with respect to certain real property known as Unit 215, Holiday Isle, a Condominium on Dauphin Island (the

"Property"). In these filings, Metcalfe explains that it has negotiated and entered into a Purchase Agreement (the "Agreement") for the Property. In light of these developments, Metcalfe requests the following relief: (i) judicial approval of the Agreement, (ii) authorization for Metcalfe to sell the Property in accordance with that Agreement, (iii) ruling that the sale be free and clear of liens, claims and encumbrances (which would then be transferred to the proceeds of the sale), and (iv) judicial directive that defendants have 10 days in which to remove contents (excluding built-in appliances) from the Property, after which Metcalfe may donate such abandoned contents to a charitable organization in its discretion. In support of these requests, Metcalfe's Associate Broker and Vice President, Adam J. Metcalfe, avers that, in his view, the purchase price in the Agreement "represents a fair and reasonable price that can be achieved based on market conditions," and that other than PNC Bank, he is aware of no creditors that have an interest in the Property. (Doc. 21, Exh. 1, ¶¶ 4, 6.) Adam Metcalfe further states that the Property contains unspecified "non-built-in appliances" and "furnishings" that are outside the scope of the Agreement, and that would need to be disposed prior to closing. (*Id.*, ¶ 8.)

Contemporaneously with its Motion for Approval of Private Sale, Metcalfe filed under seal a Motion to File Purchase Agreement under Seal (doc. 22), in which Metcalfe expresses concern that if the proposed sale were to fall through, Metcalfe's efforts to sell the Property for a higher price would be jeopardized if the public had access to the Agreement's terms.[1] As an initial matter, the Motion to File Purchase Agreement under Seal should not itself have been filed under seal, given the dearth of sensitive information contained in the Motion, the absence of confidential exhibits, and the fundamental principle that "[a]ny step that withdraws an element of the judicial process from public view … requires rigorous justification." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (citation omitted). Metcalfe has not shown good cause (or "rigorous justification") for sealing the Motion itself; therefore, the Clerk of Court is directed to **unseal** the Motion to File Purchase Agreement under Seal (doc. 22).

---

[1] In concrete terms, suppose the Agreement provided for a purchase price of $X. Suppose, too, that this deal never closes, leaving Metcalfe searching for another buyer for the Property. If Metcalfe were to locate an interested party and conduct negotiations for the sale of the Property, any effort by Metcalfe to fix a purchase price of, say, $X+1, would be hampered if the would-be purchaser knew that Metcalfe had previously been willing to sell the Property for just $X to another buyer.

Nonetheless, with respect to the underlying Purchase Agreement, the Court finds that Metcalfe has made an adequate showing of good cause to justify sealing the Agreement, at least temporarily. On that basis, the Motion to File Purchase Agreement under Seal is **granted in part**, as follows: Metcalfe is **ordered** to file a copy of the Agreement **under seal** on or before **January 24, 2014**, and to furnish a copy of the Agreement to defendants. That Agreement will remain under seal, subject to the proviso that if the contemplated sale of the Property to Glenna Girdner Housing Trust closes, as anticipated, the Clerk of Court will then unseal the Agreement to vindicate the public's right of access to court proceedings in the absence of extraordinary countervailing litigant concerns that might justify sealing a court filing.[2]

With respect to the Motion for Approval of Private Sale and for Order Related to Personal Property (doc. 21), the Court hereby enters the following briefing schedule:

1. Metcalfe is **ordered** to file a written evidentiary submission supporting its request for approval of the Agreement (including, without limitation, the reasonableness of the negotiated sale price and the results of Metcalfe's good-faith investigation into the presence or absence of other liens, claims and encumbrances to the Property) on or before **January 24, 2014**;[3]
2. Metcalf is further **ordered** to serve a copy of its written evidentiary submission on defendants, in a prompt and timely fashion;
3. Defendants are **ordered**, on or before **February 7, 2014,** to file any objections to (i) the contemplated sale of the Property as specified in the Agreement, or (ii) the proposed disposition of any contents of the Property that defendants do not remove within a 10-day period. Defendants' submission must set forth with

---

[2] *See generally Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) (explaining that "[m]aterial filed in connection with any substantive pretrial motion … is subject to the common law right of access," which "may be overcome by a showing of good cause"); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings … is instrumental in securing the integrity of the process" and unquestionably "includes the right to inspect and copy public records and documents.").

[3] All portions of this evidentiary submission which recite the agreed-upon sale price may be filed **under seal** for the reasons stated *supra*, provided, however, that they will be unsealed after the closing occurs.

specificity the factual and legal basis for any such objections.  **Defendants are cautioned that this is their one and only opportunity to be heard as to the proposed sale, and that failure to respond by the specified deadline will be construed as a waiver of any objections they may have**;

4. If a hearing is deemed necessary, one will be set promptly thereafter; and
5. The Court will rule on the Motion for Approval of Private Sale and for Order Related to Personal Property in a timely manner after briefing is concluded.

DONE and ORDERED this 17th day of January, 2014.

                                                s/ WILLIAM H. STEELE
                                                CHIEF UNITED STATES DISTRICT JUDGE