# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) MISC. ACTION 13-0009-WS-M ) |
| OM PROPERTIES, LLC, *et al.*, | ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Receiver's "Motion (1) for Approval of Private Sale of Assets Held by Receiver and (2) for Order Related to Personal Property that is Not Receivership Property" (doc. 21). Also before the Court are the sealed Purchase Agreement (doc. 24) for the subject real property, the Receiver's Submission of Evidentiary Material (doc. 26), and the Receiver's Supplement to Motion (doc. 28). The undersigned having reviewed all of these materials, and defendants not having availed themselves of a reasonable opportunity to be heard in response, the Motion is now ripe.

On July 22, 2013, the undersigned entered an Order (doc. 5) granting plaintiff PNC Bank's Motion for Appointment of Post-Judgment Receiver. The factual grounds for appointment of a receiver included the $2.4 million judgment PNC had obtained against defendants in a Florida state court for breach of promissory notes and guaranties, as well as PNC's representation that an offer of sale for certain collateral real property owned by defendants was set to expire on August 15, 2013. On the basis of these representations – and after providing defendants with notice and a reasonable opportunity to be heard, of which they did not avail themselves – the Court entered an order appointing Metcalfe & Company, Inc. as receiver under specified terms and conditions. Among the powers granted to Metcalfe pursuant to the July 22 Order was authority, "subject to approval by the Court, [to] conduct a receiver's sale of all or a portion of the Receivership Property, free and clear of liens, claims and other

encumbrances, under such terms and conditions as PNC may, in its sole discretion, deem appropriate or desirable." (Doc. 5, at 6.)

The assets for which Metcalfe was appointed as receiver include that certain condominium unit found at Unit 215 of Holiday Isle, a Condominium, located on Dauphin Island, Alabama (the "Property"). In its Motion for Approval of Private Sale of Assets, Metcalfe requests judicial approval to exercise its authority to conduct a receiver's sale of the Property. To support this request, Metcalfe explains that it has actively marketed the Property for several months and has now negotiated and entered into a Purchase Agreement (doc. 24), pursuant to which the Glenna Girdner Housing Trust has agreed to purchase same, with closing set to occur on or before February 27, 2014. With regard to purchase price, Metcalfe offers the Affidavit of Adam J. Metcalfe, Associate Broker and Vice President of Metcalfe & Company, Inc. (doc. 26). Based on his 28 years of experience in property management, leasing and sales in this geographic market, Mr. Metcalfe opines that the agreed-upon purchase price for the Property "represents a fair and reasonable price that can be achieved based on market conditions." (Doc. 26, ¶ 4.) To bolster and elaborate on this opinion, Mr. Metcalfe documents the negotiation history for the Property, shows that Metcalfe successfully negotiated a purchase price higher than the prospective buyer's initial offer, and identifies pending sales for comparable units at the same condominium complex, with explanations for why the agreed-upon prices at those units are higher than that for the Property based on unit-specific considerations. (*Id.*, ¶¶ 6-7.) Through this evidence, Metcalfe has made a substantial showing that the negotiated sales price for the Property is, in fact, fair and reasonable under existing market conditions.

On January 17, 2014, the undersigned entered an Order (doc. 23) that, *inter alia*, directed defendants to file any objection to the contemplated sale of the Property on or before February 7, 2014. (Notices of the January 17 Order and Metcalfe's evidentiary materials were served electronically on counsel for defendants, OM Properties, LLC, P.K. Garg Family, LLC and Purushottam Kumar Garg, via this District Court's CM/ECF system.) The January 17 Order stated in bold type, "Defendants are cautioned that this is their one and only opportunity to be heard as to the proposed sale, and that failure to respond by the specified deadline will be construed as a waiver of any objections they may have." (Doc. 23, at 4.) The February 7 deadline has come and gone, with no filing or response from defendants; therefore, it is assumed

that they have no objection to the proposed sale of the Property under the terms specified in the Purchase Agreement.

In light of the foregoing facts and circumstances, and upon examination of the record as a whole, the Court agrees with Metcalfe that the sale of the Property as proposed in the Purchase Agreement is in the best interests of all parties affected by the receivership, including defendants. Accordingly, it is **ordered** as follows:

1. The Motion for Approval of Private Sale of Assets Held by Receiver and for Order Related to Personal Property that is Not Receivership Property (doc. 21) is **granted in part**;
2. The Motion is **granted** insofar as the Receiver seeks judicial approval of the proposed sale of Unit 215 at Holiday Isle, a Condominium. In that regard, the Purchase Agreement (doc. 24) is **approved**, and the Receiver is **authorized** to sell the Property in accordance with said Purchase Agreement;
3. The Motion is **moot** insofar as the Receiver requested an order providing for the disposition of personal property that is not receivership property;[1]
4. The sale shall be deemed free and clear of all liens, claims and encumbrances (of which none other than that of PNC Bank are known to exist), and any such liens, claims and encumbrances to the Property will be transferred to the proceeds of the sale in the same order and priority as they were attached to the Property;
5. All expenses of the sale and administrative fees specified in the Order appointing the Receiver shall be paid out of gross proceeds of the sale, with the remaining proceeds to be paid to PNC Bank; and
6. Metcalfe and PNC Bank are **ordered** to notify the Court in writing after the closing has occurred, so that the Purchase Agreement (which is presently being maintained under seal in the court file to protect the parties' interests in the event

---

[1] The Receiver's Motion indicated that the Property contained unspecified furnishings and personal property (the "Contents") that were outside the scope of the Purchase Agreement, and sought an order from the Court providing for disposition of such Contents. In a Supplement filed on February 4, 2014, however, Metcalfe shows that defendants have now removed all Contents from the Property. (Doc. 28, Exh. A.) As such, the Contents issue has been resolved by the parties, and no order of this Court is needed to arrange for the orderly disposition of such non-receivership personal property.

that the deal falls through) may be unsealed by the Clerk of Court at that time to vindicate the public's right of access to court proceedings.

DONE and ORDERED this 11th day of February, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE
