# PURCHASE AGREEMENT

Spriggs Enterprises, Inc., ("Buyer") and METCALFE & COMPANY, INC. as receiver for P.K. GARG FAMILY, L.L.C., a Florida limited liability company ("Seller") agree as follows:

1. **Property.** Buyer will buy, and Seller will sell, approximately 6.7 acres of land located in or near Loxley, Alabama, and more particularly described as follows:

COMMENCING AT THE SOUTHEAST CORNER OF THE SOUTHWEST QUARTER OF SECTION 34, TOWNHIP-4-SOUTH, RANGE-3-EAST, BALDWIN COUNTY, ALABAMA, THENCE SOUTH 89° - 57' - 46" WEST 20.18 FEET; THENCE NORTH 01° - 25' - 27" EAST 295.12 FEET TO THE POINT OF BEGINNING OF THE PROPERTY HEREIN DESCRIBED; THENCE SOUTH 89° - 54' - 46" WEST 322.20 FEET TO A POINT ON THE EAST LINE OF ALABAMA HIGHWAY 59; THENCE NORTH 05° - 14' - 10" EAST ALONG SAID EAST LINE 706.95 FEET TO A POINT ON A CURVE TO THE LEFT HAVING A RADIUS OF 2814.93 FEET; THENCE NORTHWESTWARDLY ALONG THE ARC OF SAID CURVE AND ALONG THE EAST LINE OF ALABAMA HIGHWAY 59 A DISTANCE OF 305.85 FEET; THENCE SOUTH 89° - 57' - 54" EAST 266.17 FEET; THENCE SOUTH 01° - 25' - 27" WEST 1008.91 FEET TO THE POINT OF BEGINNING.

2. **Purchase Price; Earnest Money; and Contingencies.** The purchase price shall be $120,000 payable via certified funds or electronic transfer at closing. Buyer herewith tenders to Anders, Boyett & Brady, P.C.("Escrow Agent") the sum of $2,000.00 as earnest money ("EMD"), to be held in a non-interest bearing account, applied to the purchase price at closing, or, should Buyer default, delivered to Seller as liquidated damages, the parties acknowledging that actual damages would be difficult to ascertain and that the EMD amount is a reasonable estimate of actual damages. Seller's and Buyer's obligations under this Agreement are conditioned upon Seller's obtaining the following approvals of this Purchase Agreement: (a) the approval of PNC Bank, National Association, (b) the approval of and by Seller's legal counsel, (c) the approval of the United States District Court, Southern District of Alabama, such that Seller, with such approvals, is able to deliver marketable title as described in paragraph 3 below as of the closing. If Seller does not obtain such approvals, on or before the _October 9th_, 2015, this Purchase Agreement shall be automatically terminated and the EMD refunded to Buyer.

3. **Title and Deed.** Conveyance shall be by statutory warranty deed, warranting marketable title, subject to any outstanding oil, gas, and other mineral interests, and all rights in

connection therewith; to any parties in possession; to the lien for ad valorem property taxes hereafter falling due; any public right(s)-of-way; matters of zoning or other governmental regulations; and any other matter as would be apparent from a reasonable inspection of the Property or as would not impair marketability of title. At closing or as soon thereafter as is practical, Seller shall deliver to Buyer an owners title insurance policy insuring marketable title in the Buyer for the amount of the purchase price in customary form subject to the aforesaid exceptions and to the standard or pre-printed exceptions.

4. **Right of Redemption.** Buyer acknowledges that the purchase and sale of the Property is subject to a right of redemption.

5. **"As Is" and Release**. Buyer shall accept the Property in its then AS-IS condition, with no expressed or implied warranty or representation of any kind by or on behalf of Seller or Metcalfe & Company, Inc. as to the condition of the Property, its suitability for any particular purpose, or its value. Buyer acknowledges that Metcalfe & Company, Inc. is both the duly appointed receiver for P.K. Garg Family, L.L.C. and is a licensed real estate broker representing the Seller. Buyer hereby acknowledges that none of Metcalfe & Company, Inc., its officers, directors, shareholders, employees, or affiliates is a principal in this transaction and that none of said persons shall have any liability or responsibility to Buyer for a breach of this Agreement by Seller. To the fullest extent permitted by applicable law, Buyer hereby releases Metcalfe & Company, Inc., its officers, directors, shareholders, employees and affiliates from any and all liability or responsibility to Buyer.

6. **Closing.** Closing shall occur on or before ten (10) days after all Seller's and Buyer's contingencies have been satisfied time being of the essence. Closing shall be coordinated by the Escrow Agent. At the closing, property taxes will be prorated, and Buyer will pay the Escrow Agent's customary closing fee, the deed tax and other costs to record the deed, Buyer's legal fees and any other costs incurred by Buyer. Seller shall be responsible for preparation of the deed, payment of the title insurance policy premium, the brokerage commission due Metcalfe & Company, Inc., and all costs necessary to enable the Seller to meet the requirements to obtain said title policy, except those requirements as are customarily Buyer's responsibility.

7. **Risk of Loss and Possession.** Risk of loss and possession shall shift from Seller to Buyer at closing.

8.   **Real Estate Agents.**   Seller shall be responsible for a broker commission to be paid at closing to Metcalfe & Company, Inc. in the amount of 7% of the purchase price.

The listing company METCALFE & COMPANY, INC. is:

(Two blocks may be checked)
- ✔ An Agent of the Seller.
- ☐ An Agent of the Buyer.
- ☐ An Agent of both the Seller and Buyer and is acting as a limited consensual dual agent.
- ☐ Assisting the ___ Buyer ___ Seller as a transaction broker.

The selling company METCALFE & COMPANY, INC. is:
(Two blocks may be checked)
- ✔ An Agent of the Seller.
- ☐ An Agent of the Buyer.
- ☐ An Agent of both the Seller and Buyer and is acting as a limited consensual dual agent.
- ☐ Assisting the ___ Buyer ___ Seller as a transaction broker.

Buyer's Initials _____        Seller's Initials _____

9.   **Additional Provisions.**

_____
_____
_____
_____
_____

10.   **Miscellaneous.**   This Purchase Agreement contains the entire understanding between the parties, and supersedes any prior or contemporaneous oral or written agreements, representations, etc. No amendment to this Purchase Agreement shall be binding unless same is in writing and signed by both parties and approved by PNC Bank and the aforesaid Court. The captions or paragraph headings are for convenient reference only and shall not be used in the interpretation of this Agreement. Faxed copies, photocopies, or electronically transmitted signed

documents shall have the same force and effect as originals. Any notices given hereunder shall be in writing and shall be deemed given when hand delivered by or on behalf of the party giving the notice at the following address:

   To Buyer:   Spriggs Enterprises, Inc.
           Attn: Kevin Spriggs
           *P.O. Box 7027*
           *Spanish Fort, AL 36577*

   To Seller:   Metcalfe & Company, Inc.
           Attn: Adam J. Metcalfe
           Post Office Box 2903
           Mobile, Alabama 36652

Copies of any notices to Seller shall be simultaneously emailed to *rdavis@davis-fields.com; adam@metcalfeco.com,* and *adam@metcalfeoco.com*

BUYER:      **Spriggs Enterprises, Inc.**

         By: *Kevin V. Spriggs*
         Its: *President*
         Date: *8-5-2015*

SELLER:      **METCALFE & COMPANY, INC.**
         **As receiver for P.K. GARG FAMILY, L.L.C.**
         **A Florida limited liability company**

         By: _____
         As its: *VP*
         Date: *8-7-15*

30512.wpd